```
----------------------------------------------------------------X
GEORGIY VLADIMIROVICH STOYANOV,           :    05 CV 5133 (ARR)
                                          :
                     Petitioner,          :    NOT FOR ELECTRONIC
                                          :    OR PRINT
       -against-                          :    PUBLICATION
                                          :
CITIZENSHIP AND IMMIGRATION SERVICES      :    ORDER
DISTRICT DIRECTOR                         :
                                          :
                     Respondent.          :
                                          :
----------------------------------------------------------------X
```

ROSS, United States District Judge:

On November 2, 2005 petitioner Georgiy Vladimirovich Stoyanov ("petitioner" or "Stoyanov") filed a Motion for an Emergency Stay of Final Order of Deportation in this court. He argues that because the court granted his motion for a judgment of acquittal after a jury found him guilty of violating 18 U.S.C. 1546(a), see United States v. Stoyanov, No. 02 Cr. 618 (May 27, 2004), the immigration judge did not have the authority to issue an order of deportation on grounds related to the underlying facts of the case. For the reasons stated below, the court denies petitioner's motion due to lack of subject matter jurisdiction.

Petitioner is a citizen of Ukraine who was admitted to the United States as refugee in 1996. On November 14, 2004, Immigration Judge Walt During ("IJ During") issued an interlocutory ruling finding clear and convincing evidence that petitioner's "misrepresentations on his various immigration and refugee applications were knowingly made for the purpose of evading any subsequent line of inquiry by U.S. officials." Respondent Ex. B at 2. As a result, IJ During found petitioner deportable pursuant to § 212(a)(1)(A) of the Immigration and Nationality

1

208(b)(2)(B)(I) of the Act. Respondent's Ex. C at 2. By order dated June 29, 2005, IJ During denied petitioner's application for asylum and withholding of removal under § 241(b)(3) of the Act and his claim under the United Nations Torture Convention. Respondent's Ex. D at 16. IJ During then ordered petitioner's removal to Ukraine. Id. On August 16, 2005, petitioner filed a motion withdrawing his appeal of IJ During's decision. Respondent's Ex. F. Petitioner is currently being held in a detention facility in York, Pennsylvania. Petition at 3.

Under the REAL ID Act, the court of appeals is the "sole and exclusive means for judicial review of an order of removal." See 8 U.S.C. § 1252(a)(5) (2005). The REAL ID Act further specifies that "[t]he petition for review shall be filed with the court of appeals for the judicial circuit in which the immigration judge completed the proceedings." 8 U.S.C. § 1252(b)(2); see also Marquez-Almanzar v. INS, 418 F.3d 210, 215, 216 n.6 (2d Cir. 2005). Here, the removal proceedings occurred in United States Immigration Court in York, Pennsylvania. Respondent's Ex. D at 1. Therefore, the Third Circuit has exclusive jurisdiction over the petition for review. Moreover, the Third Circuit also has authority to issue a stay of removal. See § 1252(b)(3)(B). Given that the court lacks jurisdiction to review the merits of petitioner's challenges to his deportation order and that the REAL ID Act grants authority to issue stays of removal to the Court of Appeals, this court lacks jurisdiction to review petitioner's request for a stay of deportation. Accord Puamau v. Still, No. C 05-03713 SI, 2005 WL 2988733, at *2 (N.D. Cal. Nov. 7, 2005); see also Garay v. Slattery, 23 F.3d 744, 745 (2d Cir. 1994) (affirming district court's denial of petitioner's stay request, in part, because court of appeals had exclusive

final order of deportation for lack of jurisdiction.

SO ORDERED.

Allyne R. Ross
United States District Judge

Dated: November 10, 2005
       Brooklyn, New York